Henry A. Gabathuler
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOURISON INDUSTRIES, INC.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>HANGZHOU QIXINCAI HOUSEHOLD PRODUCTS CO., LTD. d/b/a RESARE,<br><br>    *Defendant*. | Civil Action No.: 2:23-cv-3007<br><br>ECF Case<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Nourison Industries, Inc. ("Nourison" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendant Hangzhou Qixincai Household Products Co., Ltd. d/b/a Resare ("Defendant"), on personal knowledge as to Nourison's own activities and on information and belief as to the activities of Defendant, allege the following:

### NATURE OF ACTION

1.    This is a civil action for willful copyright infringement in violation of 17

1

U.S.C. § 101 *et seq*. Nourison is the copyright owner of many original designs, which it incorporates into rugs that it offers for sale. Without authorization from Nourison, Defendant has copied and displayed multiple images of Nourison's proprietary and copyrighted designs and is offering products bearing Nourison's proprietary designs for sale on Amazon.com ("Amazon"). This lawsuit seeks damages and injunctive relief to restrain Defendant from infringing Nourison's copyrights in its protected designs. Unless Defendant is enjoined from further copying and infringement of Nourison's copyrights, Nourison will suffer substantial ongoing and irreparable harm.

## THE PARTIES

1. Plaintiff Nourison Industries, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5 Sampson Street, Saddle Brook, New Jersey 07633.

2. Upon information and belief, Defendant Hangzhou Qixincai Household Products Co., Ltd. d/b/a Resare is a Chinese company, having an address of Rm. 3703, Bldg. 8, Lixiangyintaicheng Nanyuan Street, Yuhang District, Hangzhou, China.

## JURISDICTION

3. This Complaint alleges a cause of action under the U.S. Copyright Laws, Title 17 of the United States Code.

4. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq*.

5. This Court has personal jurisdiction over Defendant because, upon information and belief, (1) Defendant has committed, and continues to commit, acts of infringement in the District of New Jersey through solicitation of business, infringing sales, advertising and sale of products online, and partnering with retailers in this District, including through www.amazon.com; (2) Defendant has purposefully directed its infringing conduct toward New Jersey residents, which caused and continues to cause harm to Plaintiff in New Jersey (where it has its principal place of business); (3) Defendant purposefully directed its activities toward the District of New Jersey when it willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff has a principal place of business in this District; and (4) this litigation arises out of Defendant's infringing conduct, including its infringements in this District.

6. This Court has personal jurisdiction over Defendant for the additional reason that it has consented to jurisdiction in any judicial district in which Amazon may be found.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS COMMON TO ALL COUNTS

8. Nourison is a leading designer, producer, and importer of high-quality floor coverings in the United States and has been in business for more than 30 years.

9. Nourison has developed and created numerous designs, often as part of named rug collections, over the course of many years and holds hundreds of U.S. Copyright Registrations for many of its designs.

10. Nourison's original designs, which are, and have been, sold throughout the United States and within this district, are the lifeblood of Nourison's business. Indeed, it is the novelty, quality, and distinctiveness of its designs that sets Nourison apart from its competitors.

11. Certain rug collections created by Nourison are sold under the "Aloha," "Ankara Global," "Artworks," "Azura," "Fusion," "Karma," "Le Réve," "Lucent," "Majestic," "Nourison 2000," "Ocean," "Oslo Shag," "Radiant," "Rustic Textures," "Silk Shadows," "Silky Textures," "Symmetry," "Twilight," "Calvin Klein," "Christopher Guy," "Kathy Ireland" and "Lida Sherafatmand" brand names.

**Nourison's Copyrighted Aloha Design**

12. Among the designs in the Aloha collection created and designed by Nourison is the ALOHA ALH05 GRE design (the "Aloha Design"), created in or

about April 2014.  Images of the Aloha Design in different color schemes are reproduced below:

  

13. The Aloha Design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101, *et seq*. Nourison is the owner of record of the Aloha Design and owns all right, title, and interest therein necessary to independently bring the instant action.

14. Nourison has complied in all respects with the provisions of the copyright laws of the United States and has secured all of the rights and privileges in and to the Aloha Design (as well as the copyright therein) necessary to independently bring the instant action.

15. Nourison duly registered its copyright in the Aloha Design with the U.S. Copyright Office and is the owner of U.S. Copyright Reg. No. VA 2-111-646 for the

Aloha Design ("the '646 Copyright"). A copy of the '646 Copyright's certificate of registration is attached as **Exhibit A**.

16. All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Nourison has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Aloha Design.

17. At all times since it created the Aloha Design, Nourison has been, and still is, the exclusive holder of all rights, title, and interest in and to the copyright therein.

18. Nourison has offered rugs bearing the Aloha Design for sale to the consuming public, images of which have been subject to public display at all times following its publication on Nourison's and its retailers' websites.

**Defendant's Infringing Activities**

19. Defendant sells products on Amazon under the name "Resare."

20. Defendant offers to sell rugs on Amazon bearing Nourison's Aloha Design.

21. In particular, Defendant has offered to sell the following products on Amazon bearing Nourison's Aloha Design in a listing comprising several ASINs due to the different colors and sizes of the products offered:

| ASIN(s) | Product Description |
| --- | --- |
| B0BRF2SVQ6; B0BP1GPJ5C | Outdoor Rug 5'x8' Waterproof-Patio Rug Reversible Floral Outdoor Plastic Straw Rugs for Patio Decor Outdoor Area Rug for Balcony Porch Deck Backyard-Camping Mat for Outside Your RV Tent Under Awning |
| B0BP1FPMLV | Outdoor Rug 8x10 Waterproof-Patio Rug Reversible Floral Outdoor Plastic Straw Rugs for Patio Decor Outdoor Area Rug for Balcony Porch Deck Backyard-Camping Mat for Outside Your RV Tent Under Awning |
| B0B6RTBT3V; B0BP1FRVLF | Outdoor Rug 6' x 9' Waterproof-Patio Rug Reversible Floral Outdoor Plastic Straw Rugs for Patio Decor Outdoor Area |

| ASIN(s) | Product Description |
|---|---|
|  | Rug for Balcony Porch Deck Backyard-Camping Mat for Outside Your RV Tent Under Awning |
| B0BP1G9S59 | Outdoor Rug 9'x12' Waterproof-Patio Rug Reversible Floral Outdoor Plastic Straw Rugs for Patio Decor Outdoor Area Rug for Balcony Porch Deck Backyard-Camping Mat for Outside Your RV Tent Under Awning |

(collectively, the "Infringing Listing").

22. Defendant displayed multiple images of the rugs bearing the Aloha Design on the Infringing Listing. A screenshot of the Infringing Listing taken on May 12, 2023 is attached hereto as **Exhibit B**.

23. The rugs that Defendant offers for sale and displays pictures of in the Infringing Listing incorporate the Aloha Design protected by the '646 Copyright (the "Infringing Products"). The designs on the Infringing Products are nearly identical or substantially similar to Nourison's copyrighted Aloha Design, including designs with the same color and other designs with variations in color.

8

24. Side-by-side comparisons of the Aloha Design covered by the '646 Copyright in a similar color scheme as Defendant's product and the Infringing Products is shown below:

**Nourison's Aloha Design ('646 Copyright)**



**Defendant's Infringing Product**



25. Upon information and belief, Defendant had access to Nourison's Aloha Design, including at least through Nourison and its retailers' websites, prior to offering for sale, selling, and displaying images of the Infringing Products.

9

26. Upon information and belief, at all relevant times, Defendant has had full knowledge of Nourison's ownership of its design, including Nourison's exclusive right to use such intellectual property, including through Nourison's Terms of Service on its website and its copyrights.

27. That is particularly so given the stark similarity of the Infringing Products to the Aloha Design, suggesting the Infringing Products were created with reference to the Aloha Design.

28. Upon information and belief, Defendant is engaging in its unlawful and infringing activities knowingly, willfully, and intentionally, or with at least reckless disregard or willful blindness to Nourison's rights in its Aloha Design.

**Nourison's Takedown Efforts**

29. On May 12, 2023, Nourison submitted an Infringement Report to Amazon indicating Defendant's unauthorized use of copyrighted material covered by the '646 Copyright in the Infringing Listing with respect to ASINs B0BRF2SVQ6 and B0BP1GPJ5C. Specifically, Nourison's infringement report stated: "We, Leason Ellis LLP, are intellectual property counsel to Nourison Industries Inc. ('Nourison') and are authorized to act on behalf of Nourison with respect to its enforcement of its intellectual property rights on Amazon.com. The products referenced herein use designs that infringe upon Nourison's registered copyright in the work, titled,

'ALOHA GREEN,' Reg. No. VA 2-111-646 in the U.S. Copyright Office. Nourison has not authorized the sellers of the products referenced herein to use its copyright-protected designs."

30. On May 14, 2023, Amazon.com removed the Infringing Listing with respect to ASINs B0BRF2SVQ6 and B0BP1GPJ5C.

31. On May 15, 2023, Nourison submitted an Infringement Report to Amazon indicating Defendant's unauthorized use of copyrighted material covered by the '646 Copyright in the Infringing Listing with respect to ASINs B0BP1FPMLV B0B6RTBT3V, B0BP1FRVLF, and B0BP1G9S59, making substantially the same representation in connection therewith as stated in Paragraph 29 above.

32. On May 17, 2023, Amazon.com removed the Infringing Listing with respect to ASINs B0BP1FPMLV B0B6RTBT3V, B0BP1FRVLF, and B0BP1G9S59.

33. On May 18, 2023, Nourison, via counsel, received counter-notices relating to the Infringement Report submitted with respect to ASINs B0BRF2SVQ6 and B0BP1GPJ5C.

34. On May 26, 2023, Nourison, via counsel, received counter-notices relating to the Infringement Report submitted with respect to ASINs B0BP1FPMLV B0B6RTBT3V, B0BP1FRVLF, and B0BP1G9S59. Copies of the counter-notices

referenced in Paragraphs 33 and 34 herein (collectively, the "Counternotices") are attached hereto as **Exhibit C**.

35. The Counternotices appear to be deficient in a number of respects. For instance, instead of providing a "Full Legal Name," the Counternotices state, "???." Exhibit C, at 2-7.

36. Instead of providing an intelligible "Mailing Address," the Counternotices provide, "tongxiangshihonghongshangmaoyouxiangongsi ??????58? ??? ?? 314511 CN." *Id.*

37. Instead of providing a "full name as a means of digital signature," the Counternotices provide, "???." *Id.*

38. In any event, Amazon states in the Counternotices that it would reinstate the Infringing Listing unless Nourison filed a lawsuit and provided notice of such lawsuit to Amazon within ten business days of the dates of each of the respective Counternotices. Upon information and belief, absent intervention from this Court, the Infringing Listing will be reinstated.

39. Upon information and belief, Defendant's actions have caused damage and irreparable harm to Nourison. Unless Defendant is compelled to discontinue these actions by the Court, Nourison will continue to suffer such damage and irreparable harm.

40. Nourison has no adequate remedy at law.

## COUNT I
### Copyright Infringement of the '646 Copyright
### 17 U.S.C. § 101, *et seq.*

41. Plaintiff repeats and realleges by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

42. Nourison's Aloha Design consists of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*.

43. Nourison's Aloha Design has never been dedicated to the public.

44. Nourison has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to the Aloha Design (including the '646 Copyright), such copyright being valid and subsisting, and Nourison is the current sole owner of same.

45. At all relevant times, Nourison has been, and still is, the owner of all right, title, and interest in and to the Aloha Design. Nourison has never assigned, licensed, or otherwise transferred any of its rights in the Aloha Design, including the '646 Copyright, to the Defendant. Nor has Nourison ever authorized Defendant to copy, distribute, or license the Aloha Design.

13

46. Defendant has directly infringed Nourison's rights in the Aloha Design protected by the '646 Copyright by reproducing, selling, publishing, displaying, vending, distributing, promoting, and/or advertising unauthorized copies of the Aloha Design without the permission or consent of Nourison in violation of 17 U.S.C. § 501, *et seq*.

47. Defendant copied Nourison's Aloha Designs for its own commercial gain to the unjust exclusion of Nourison.

48. Upon information and belief, Defendant knew or should have known that its acts constituted copyright infringement.

49. Nourison has been damaged by Defendant's conduct, including, but not limited to economic losses in a monetary amount as yet unknown, but to be determined according to proof at trial. Nourison continues to be damaged by such conduct and has no adequate remedy at law to compensate Nourison for all the possible damages stemming from Defendant's conduct.

50. Because the '646 Copyright was duly registered under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, prior to the date of discovery of Defendant's infringing conduct, Nourison is entitled to an award of statutory damages for each instance of copyright infringement of the Aloha Design by Defendant. Further, because of the willful nature of Defendant's conduct, Nourison is entitled to

an enhanced award of damages for each instance of copyright infringement of the Aloha Design by Defendant, including its reasonable attorneys' fees and costs.

51. Upon information and belief, at all relevant times, Defendant has had knowledge of, or has at least recklessly disregarded, Nourison's ownership of its designs, including Nourison's exclusive right to use such intellectual property. Despite this knowledge, Defendant is engaging in unlawful and infringing activities knowingly, willfully, and intentionally or with at least reckless disregard or willful blindness to Nourison's rights in its designs. Accordingly, Defendant's activities must be deemed to be willful and wanton.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests entry of judgment against Defendant finding as a matter of law and fact as follows:

A. Defendant has willfully infringed the '646 Copyright.

B. Defendant, its agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, companies or corporations in active concert or participation and or affiliation with them, including any and all third-party manufacturers, suppliers, and distributors who receive actual notice of the Order or Judgment by any method:

1. be enjoined preliminarily and permanently from infringing

the '646 Copyright of Plaintiff by selling, manufacturing, publishing, displaying, vending, distributing, promoting and/or advertising any copies of rugs or other products which infringe Plaintiff's '646 Copyright;

    2.    be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, or creating derivative works based upon the Aloha Design or any design substantially similar thereto; and

    3.    be ordered to surrender to Plaintiff all Infringing Products or other products in its possession, custody, or control displaying, copying, and/or bearing the Aloha Design, or any design substantially similar thereto.

C.    Defendant be ordered to send written notice, approved by the Court, to each licensee, manufacturer, supplier, distributor, wholesaler, retailer, or any other party who manufactured or sold the Infringing Products, including Amazon, with a copy of each such written notice to be furnished to Plaintiff, advising the recipient that pursuant to the judgment of this Court, Defendant has been enjoined from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Aloha Design, and requesting that the recipient surrender to Nourison all products

bearing the Aloha Design in its possession, custody, or control.

  D. Defendant destroy all materials, documents, catalogues, or advertisements bearing the Aloha Design or displaying the Infringing Products in Defendant's possession, custody and control pursuant to 17 U.S.C. § 503.

  E. Defendant remove all webpages, web links, photographs, or advertisements, including the Infringing Listing, bearing the Aloha Design or the Infringing Products from any website that it controls or contributes to.

  F. Defendant be required to pay all profits realized by Defendant as a result of its unlawful infringing acts as complained of herein pursuant to 17 U.S.C. § 504.

  G. Defendant be required to compensate Plaintiff for all actual damages suffered as a result of Defendant's unlawful infringing acts complained of herein pursuant to 17 U.S.C. § 504.

  H. Defendant be required to pay statutory damages for its infringement pursuant to 17 U.S.C. § 504.

  I. Defendant be required to pay enhanced statutory damages for its willful infringement pursuant to 17 U.S.C. § 504.

  J. Defendant be required to compensate Plaintiff for all costs incurred in this civil action, including reasonable attorneys' fees and expenses, investigatory fees, and pre-judgment interest, pursuant to 17 U.S.C. § 505.

K.    Interest as allowed by law.

L.    Defendant file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the judgment, a report under oath setting forth in detail the manner in which Defendant has complied with such judgment.

M.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Federal Rule of Civil Procedure 38, demands a trial by jury on all issues triable to a jury.

Dated: June 1, 2023
      White Plains, New York

Respectfully submitted,

LEASON ELLIS LLP

s/ *Henry A. Gabathuler*
Henry A. Gabathuler
Bar I.D. No. 037802007
One Barker Avenue
Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023
Email:
Gabathuler@leasonellis.com

*Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: June 1, 2023

                                            s/ *Henry A. Gabathuler*
                                            Henry A. Gabathuler
                                            LEASON ELLIS LLP
                                            One Barker Avenue, Fifth Floor
                                            White Plains, New York 10601
                                            Phone: (914) 288-0022
                                            Fax:  (914) 288-0023

                                            *Attorneys for Plaintiff*