Henry A. Gabathuler
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022

*Attorneys for Plaintiff-Counterclaim Defendant Nourison Industries, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOURISON INDUSTRIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HANGZHOU QIXINCAI HOUSEHOLD PRODUCTS CO., LTD. d/b/a RESARE, <br><br> *Defendant*. | Civil Action No.: <br> 2:23-cv-03007-MCA-JSA <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF-COUNTERCLAIM DEFENDANT NOURISON INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff-Counterclaim Defendant Nourison Industries, Inc. ("Nourison" or "Counterclaim Defendant"), by its undersigned attorneys, hereby submits its Answer and affirmative defenses in response to Defendant-Counterclaim Plaintiff Hangzhou Qixincai Household Products Co., Ltd.'s ("Counterclaim Plaintiff," "HQ," or "Resare") counterclaims (Dkt. 6, at 15-23; "Counterclaims"), as follows.

Nourison denies any allegations in Resare's Counterclaims to which it does not specifically respond and reserves the right to assert any additional and future defenses as may be revealed by discovery or otherwise.

### "NATURE OF THE ACTION"

1. Paragraph 1 asserts several legal conclusions to which no response is required. To the extent a response is required, Nourison denies Resare is entitled to any of the relief it seeks and specifically the relief requested.

### "THE PARTIES"

2. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Admitted.

### "JURISDICTION AND VENUE"

4. Nourison admits this action arises under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*, and this Court has jurisdiction over the subject matter of this action. The remaining allegations in Paragraph 4 contain legal conclusions to which no response is required, and to the extent a response is required, Nourison denies the same.

5. Nourison admits this Court has personal jurisdiction over Nourison in this action and denies the remaining allegations in Paragraph 5.

6. Nourison admits venue is proper in this judicial district and Nourison resides in this judicial district and is subject to this Court's personal jurisdiction for purposes of this action. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies the same. In particular, the allegation relating to "(b) a substantial part of the events" appears to be incomplete and is therefore denied.

"FACTS COMMON TO ALL COUNTS"

7. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Admitted.

9. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Nourison denies the allegation that "Counterclaim Plaintiff independently came up with its original design for a stylized version of a cross between a dahlia and chrysanthemum[.]" Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "Counterclaim Plaintiff first published its design in June 2022." As to the remaining allegations in Paragraph 11, the identified registration speaks for itself, and any legal significance

of the purported registration calls for a conclusion of law; therefore, no response is required. To the extent a response is required, Nourison lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies the same.

12. Denied.

13. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Nourison denies the allegations in the first sentence of Paragraph 14. Nourison lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies the same.

15. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Nourison admits in May 2023, it notified Amazon.com of Resare's infringement of Nourison's copyrights as set forth by Nourison in its Complaint (Dkt. 1). Nourison denies the remaining allegations in Paragraph 18.

19. Admitted that Amazon.com removed six of Resare's ASINs. Nourison otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23. As to the first sentence of Paragraph 23, Nourison admits it caused this action to be filed on June 1, 2023, alleging copyright infringement by Resare and that Nourison seeks to enjoin Resare's infringement of Nourison's copyrights as alleged in its Complaint (Dkt. 1). Nourison otherwise denies the remaining allegations in the first sentence of Paragraph 23. As to the second sentence of Paragraph 23, Nourison admits it caused Amazon.com to be informed of the commencement of this action, and Nourison otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 23 and therefore denies the same. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 23 and therefore denies the same.

"COUNT I"
"(Misrepresentation under 17 U.S.C. § 512(f) (DMCA))"

24. No response is required to Paragraph 24 because it merely purports to repeat and re-allege prior allegations. To the extent a response is required, Nourison repeats and incorporates by reference its responses to the allegations in each of the foregoing paragraphs as if set forth fully herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Nourison denies it made any misrepresentations and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35 and therefore denies the same.

36. Denied.

37. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37 and therefore denies the same.

38. Denied.

39. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies the same.

40. Nourison denies the allegations in the first sentence of Paragraph 40. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 40 and therefore denies the same.

41. Nourison denies the allegations in the first sentence of Paragraph 41. Nourison lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 41 and therefore denies the same.

42. Denied.

43. Nourison denies Resare is entitled to any of the relief it seeks and specifically the relief requested.

"COUNT II"
"(Declaratory Judgment of Noninfringement)"

44. No response is required to Paragraph 44 because it merely purports to repeat and re-allege prior allegations. To the extent a response is required, Nourison

repeats and incorporates by reference its responses to the allegations in each of the foregoing paragraphs as if set forth fully herein.

45. Nourison admits there is a justiciable controversy concerning Resare's infringement of the registration identified in Nourison's Complaint (Dkt. 1) as the "'646 Copyright" and whether Resare possesses the "ability to use, display and/or publish the design reflected in" Resare's infringing rugs. Nourison otherwise denies the remaining allegations in Paragraph 45.

46. Paragraph 46 asserts numerous legal conclusions to which no response is required. To the extent a response is required, Nourison denies the allegations in Paragraph 46.

## "DEMAND FOR RELIEF"

Nourison denies Resare is entitled to any of the requested relief set forth in its Demand for Relief.

## NOURISON'S AFFIRMATIVE DEFENSES

Nourison's assertion of affirmative defenses herein is not a concession that Nourison bears the burden of proof or persuasion on any issue as to which Resare bears the burden of proof or persuasion. Nourison reserves the right to amend its Answer to assert any additional defenses as they become available, discovered, or appropriate. Any defense asserted or fact alleged in support of any defense does not constitute a waiver of any of the foregoing denials. In support of its Affirmative

Defenses, Nourison hereby incorporates by reference herein each and every allegation in its Complaint (Dkt. 1) as if they were fully set forth herein. For its Affirmative Defenses to Resare's Counterclaims, Nourison alleges as follows.

## FIRST AFFIRMATIVE DEFENSE

Resare's Counterclaims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Resare's Counterclaims are barred, in whole or in part, pursuant to the doctrine of unclean hands. In particular, as set forth more fully in Nourison's Complaint (Dkt. 1) and the Declaration of Andrew Peykar, dated August 22, 2023 (Dkt. 9-12), Nourison alleges Resare had access to Nourison's "Aloha Design" (as defined in the Complaint), including at least through Nourison and its retailers' websites, prior to offering for sale, selling, and displaying images of the "Infringing Products" (as defined in the Complaint), as evidenced by the widespread dissemination of the Aloha Design and the striking similarity between the Aloha Design and the Infringing Products. Accordingly, because the Infringing Products infringe upon Nourison's '646 Copyright, any allegation or claim to relief premised upon the validity, enforceability, or the accuracy of the contents of Resare's purported copyright registration in the Infringing Products is expressly denied on the basis that Resare's copyright registration is invalid.

### THIRD AFFIRMATIVE DEFENSE

Resare's Counterclaims are barred, in whole or in part, pursuant to the doctrine of waiver, including, without limitation, because Resare's "Counternotices" (as defined in the Complaint) were defective and accordingly failed to comply with the requirements of 17 U.S.C. § 512(g)(3).

### FOURTH AFFIRMATIVE DEFENSE

Resare's Counterclaims are barred, in whole or in part, pursuant to the doctrine of estoppel, including, without limitation, because Resare's Counternotices were defective and accordingly failed to comply with the requirements of 17 U.S.C. § 512(g)(3).

### FIFTH AFFIRMATIVE DEFENSE

Resare's Counterclaims are barred, in whole or in part, pursuant to the doctrine of acquiescence, including, without limitation, because Resare's Counternotices were defective and accordingly failed to comply with the requirements of 17 U.S.C. § 512(g)(3).

### SIXTH AFFIRMATIVE DEFENSE

Count II of Resare's Counterclaims is barred in whole because there is a complete identity of factual and legal issues between it and Count I of the Complaint, and accordingly, the exercise of the Court's discretion under the Declaratory Judgment Act to entertain Resare's duplicative Counterclaim is not warranted.

## **ADDITIONAL DEFENSES**

Nourison reserves the right to raise additional affirmative defenses as they become available, discovered, or otherwise appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Nourison denies Resare is entitled to any of the relief it seeks and specifically the relief requested in its Counterclaims, and therefore Nourison seeks an order dismissing Resare's Counterclaims with prejudice and awarding Nourison its reasonable attorneys' fees and costs and all such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Nourison demands a trial by jury on all issues so triable in this action.

Date: August 29, 2023
      White Plains, New York

Respectfully submitted,

LEASON ELLIS LLP

_____
Henry A. Gabathuler
One Barker Avenue
Fifth Floor
White Plains, New York 10601
Tel.: (914) 288-0022
gabathuler@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Plaintiff-
Counterclaim Defendant
Nourison Industries, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send an electronic notification of such filing to all counsel of record.

_____
Henry A. Gabathuler